operator discovered firearms in automobile and summoned police to examine them—held: no fourth amendment violation).

We also conclude that there is no seizure within the meaning of the fourth amendment when an object discovered in a private search is voluntarily relinquished to the government. We believe this conclusion is dictated by *Coolidge v. New Hampshire, supra,* in which the Supreme Court held that the fourth amendment was not implicated when articles discovered in a private search were voluntarily turned over to the government. 403 U.S. at 488–89, 91 S.Ct. at 2049. Accordingly, the acceptance by the police of the briefcase containing the shotgun did not constitute a "seizure" as that term is used in the fourth amendment.

For the foregoing reasons the decision of the district court suppressing the evidence is reversed.

Bernard S. Goldfarb, Goldfarb & Reznick, Cleveland, Ohio, for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, John Ferguson, Michael Messitte, Lawrence Blatnik, N. L. R. B., Washington, D. C., Bernard Levine, Director, Region 8, N. L. R. B., Cleveland, Ohio, for respondent.

Before LIVELY and ENGEL, Circuit Judges, and BALLANTINE,* District Judge.

**Ronald HACKENBERGER d/b/a Ron's Trucking Service, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78–1334.

United States Court of Appeals, Sixth Circuit.

Aug. 20, 1980.

### ORDER

The petitioner, Ronald Hackenberger d/b/a Ron's Trucking Service has petitioned for a review of a supplemental decision and order of the National Labor Relations Board, reported at 236 NLRB No. 117, in which back pay was allowed a discharged employee. The NLRB has filed a cross-application for enforcement.

* The Honorable Thomas A. Ballantine, Jr., Judge, U.S. District Court for the Western District of Kentucky, sitting by designation.

Upon consideration of the record on appeal together with the briefs and oral arguments of counsel, the court concludes that the petitioner failed to establish that the Board had improperly computed the back pay of the discharged employee. The petitioner contends that he was prevented from showing that the discharged employee failed to act reasonably to mitigate his damages because the Board denied his request for information in its possession relating to the employee's interim employment. The court notes that when information concerning interim employment was provided at or near the beginning of the supplemental back pay proceedings, counsel for petitioner did not request a continuance or adjournment of the hearing in order to familiarize himself with the material and undertake any further preparation related thereto. Under these circumstances, we conclude that the petitioner was not subjected to unfair or unreasonable requirements.

The supplemental decision and order of the Board is enforced.

AMERICAN INSURANCE COMPANY, Plaintiff-Appellant,

v.

L. H. SOWLES COMPANY, Defendant-Appellee.

No. 78-3144.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1980.

Decided Aug. 21, 1980.

Melvin J. Kessel, Paxton & Seasongood, Cincinnati, Ohio, for plaintiff-appellant.

Ralph F. Mitchell, Edward R. Goldman, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, for defendant-appellee.

Before MERRITT and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

This case is the result of an accident which occurred during the construction of